UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MONICA REDMOND-NIEVES
PERSONAL REPRESENTATIVE OF
THE ESTATE OF EDGARD NIEVES,

    Plaintiff

v.                                                   C.A. No. 4:16-cv-12216-TSH

OKUMA AMERICA CORPORATION
and ROBERT E. MORRIS COMPANY, LLC,

    Defendants

## ANSWER OF DEFENDANT, OKUMA AMERICA CORPORATION TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Okuma America Corporation (hereinafter "Defendant"), and hereby answers the allegations contained in the plaintiff's Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1. Defendant denies the assertions set forth in paragraph 1 of the plaintiff's Complaint and calls upon plaintiff to prove same.

2. Defendant admits the allegations set forth in paragraph 2 of the plaintiff's Complaint.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 of the plaintiff's Complaint.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations against the other defendant, Robert E. Morris Company, LLC. Defendant denies the remainder of the allegations set forth in paragraph 4 of the plaintiff's Complaint

## FACTS

5. Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-4 of plaintiff's Complaint.

6. Defendant denies the allegations set forth in paragraph 6 of the plaintiff's Complaint.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7 of the plaintiff's Complaint.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the plaintiff's Complaint.

## Count I
### (Wrongful Death-Negligence v. Okuma America Corporation)

9. Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-8 of plaintiff's Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the plaintiff's Complaint.

11. Defendant denies the allegations set forth in paragraph 11 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Okuma America Corporation., demands that the plaintiff's Complaint be dismissed, and that the Defendant be awarded attorney's fees and costs.

## Count II
### (Conscious Pain and Suffering-Negligence v. Okuma America Corporation)

12. Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-11 of plaintiff's Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of the plaintiff's Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the plaintiff's Complaint.

15. Defendant denies the assertions set forth in paragraph 15 of the plaintiff's Complaint and calls upon plaintiff to prove same.

WHEREFORE, the Defendant, Okuma America Corporation., demands that the plaintiff's Complaint be dismissed, and that the Defendant be awarded attorney's fees and costs.

## Count III
**(Wrongful Death-Breach of Implied Warranty v. Okuma America Corporation)**

16. Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-15 of plaintiff's Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the plaintiff's Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the plaintiff's Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Okuma America Corporation., demands that the plaintiff's Complaint be dismissed, and that the Defendant be awarded attorney's fees and costs.

## Count IV
**(Wrongful Death-Breach of Express Warranty v. Okuma America Corporation)**

20. Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-19 of plaintiff's Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the plaintiff's Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the plaintiff's Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Okuma America Corporation., demands that the plaintiff's Complaint be dismissed, and that the Defendant be awarded attorney's fees and costs.

## Count V
### (Wrongful Death-Negligence v. Robert E. Morris Company, LLC)

24. Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-23 of plaintiff's Complaint.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the assertions against the other defendant, Robert E. Morris Company, LLC. Defendant denies the remainder of the allegations set forth in paragraph 25 of the plaintiff's Complaint

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 26 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Okuma America Corporation., demands that the plaintiff's Complaint be dismissed, and that the Defendant be awarded attorney's fees and costs.

## Count VI
### (Conscious Pain and Suffering-Negligence v. Robert E. Morris company, LLC)

27. Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-26 of plaintiff's Complaint.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against the other defendant, Robert E. Morris Company, LLC. Defendant denies the remainder of the allegations set forth in paragraph 28 of the plaintiff's Complaint

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 of the plaintiff's Complaint.

30. Defendant denies the assertions set forth in paragraph 30 of the plaintiff's Complaint and calls upon plaintiff to prove same.

WHEREFORE, the Defendant, Okuma America Corporation., demands that the plaintiff's Complaint be dismissed, and that the Defendant be awarded attorney's fees and costs.

## Count VII
**(Wrongful Death-Breach of Implied Warranty v. Robert E. Morris Company, LLC)**

31. Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-30 of plaintiff's Complaint.

32. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of the plaintiff's Complaint.

33. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 33 of the plaintiff's Complaint.

34. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 34 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Okuma America Corporation., demands that the plaintiff's Complaint be dismissed, and that the Defendant be awarded attorney's fees and costs.

## Count VIII
**(Wrongful Death–Breach of Express Warranty v. Robert E. Morris Company, LLC**

35. Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-34 of plaintiff's Complaint.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 36 of the plaintiff's Complaint.

37. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 37 of the plaintiff's Complaint.

38. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Okuma America Corporation., demands that the plaintiff's Complaint be dismissed, and that the Defendant be awarded attorney's fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, either in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

That whatever damages may have been sustained were caused, in whole or in part, by the conduct of Plaintiff's decedent and without any negligence on the part defendant. Thus, damages, if any, are to be diminished proportionally to the negligent conduct of the Plaintiff's decedent.

### THIRD AFFIRMATIVE DEFENSE

If the Plaintiffs sustained the injuries and damages as alleged, then said injuries and damages resulted from the Plaintiff's decedent's knowing and voluntary assumption of the risk.

### FOURTH AFFIRMATIVE DEFENSE

If the Plaintiffs sustained the injuries and damages alleged, then said injuries and damages would not have occurred but for the fact that the product was altered or modified by a third party after it left the defendant' possession and control.  Said alteration or modification was not made in accordance with the instructions of the defendant and was not the result of conduct that reasonably should have been anticipated by the defendant.

### FIFTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained the injuries and damages alleged, then said injuries and damages resulted from the misuse of the product in such a manner as was not and could not reasonably be anticipated by the defendant.

### SIXTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained the injuries and damages as alleged, then said injuries and damages resulted from the failure to use the product properly and/or the negligent use of the product.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not the rightful Personal Representative of the decedent's Estate and Defendant calls upon Monica Redmond-Nieves to prove otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the products, methods, standards, and/or techniques used in manufacturing, designing, marketing, and/or labeling were in conformity with the state of the art, industry standards and applicable government codes at the time they were manufactured, designed, marketed, and/or labeled.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by an inherent characteristic of the subject product that is a generic aspect of the subject product that cannot be eliminated without substantially compromising the subject product's usefulness or desirability.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by waiver of any alleged warranties and/or obligations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the disclaimer of any alleged warranties and/or obligations.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant breached no warranties, either express or implied.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of preemption.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the proximate result of an unforeseeable, independent, intervening and superseding cause, which bars any recovery against the defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

Discovery may show that Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained injuries or incurred damages as alleged, then said injuries and damages were proximally caused, in whole or in part, by persons and/or entities for whose conduct the defendant were not responsible and with whom the defendant had no legal connection and no duty to control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's decedent and his employers were sophisticated users of the subject product and possessed adequate information concerning warnings, precautions and potential complications to assess the risks versus the benefits of the subject product before they used it.  Therefore, the Plaintiff's claims against the defendant are barred.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because there is no evidence that Plaintiff's decedent would have heeded a different warning.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's damages claim, if any, for non-economic losses is limited by the applicable governing doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations and statute of repose.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiff's alleged injuries, if any, were not the result of any act or omission on the part of the defendant but exist by reason of operation of nature or idiosyncratic result over which defendant had no control.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, are barred or limited by virtue of the fact that the injuries asserted are due to a preexisting condition and are not the result of the use of the product.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged injuries were not reasonably foreseeable.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Discovery may show that Plaintiff's claims are barred or limited by virtue of the fact that the Plaintiff's decedent was not a foreseeable user of the product.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because if Plaintiff was injured as alleged, any alleged failure to provide proper or adequate warnings, instructions and labeling by the defendant, assuming defendant had such a duty, was not the proximate cause of such injuries.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant did not have actual or constructive notice of any alleged defect or dangerous conditions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff's claims related to defendant' advertising, marketing, public statements, lobbying, or other activities protected by the First Amendment to the United States Constitution and the Massachusetts Constitution, such claims are barred.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all indispensable parties; as a result of this failure, complete relief cannot be accorded to those already parties to this action and will result in prejudice to the defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by their failure to mitigate damages.
The defendant incorporate the defenses of all others who may become parties to this action as though more fully set forth herein.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

No privity of contract exists between Plaintiff's decedent and the defendant.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant hereby give notice that they intend to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserve the right to amend this Answer to assert any such defenses.

## JURY DEMAND

The Defendant, Okuma America Corporation, Demands Trial By Jury On All Issues So Triable.

The Defendant,

**OKUMA AMERICA CORPORATION,**

By its Attorneys:

*/s/ Heidi R. Wolmuth*
Heidi R. Wolmuth, BBO#643606
Heidi.Wolmuth@WilsonElser.com
Wilson Elser, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110-3112
Phone: (617) 422.5300
FAX: (617) 423.6917

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served to those indicated as non-registered participants on November 4, 2016

Richard J. Sullivan, Esq.
Ernest J. Palazzolo, Jr., Esq.
Thomas P. Kelley, Esq.
Sullivan & Sullivan, LLP
83 Walnut Street
Wellesley, MA 02481

Case 4:16-cv-12216-TSH Document 6 Filed 11/04/16 Page 11 of 11

Martin B. Schneider, Esq.
Law Offices of Martin B. Schneider, P.C.
27 Congress Street, Suite 302
Salem, MA 01970

Robert E. Morris Company
910 Day Hill Road
Windsor, Connecticut 06095

                                                *Heidi R. Wolmuth*
                                                Heidi R. Wolmuth

1181988v.1