# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MONICA REDMOND-NIEVES, <br> Plaintiff, <br><br> v. <br><br> OKUMA AMERICA CORP., et al. <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION <br> NO. 16-12216-TSH |

## ORDER

### July 31, 2018

Hennessy, M.J.

     By Order of Reference dated June 27, 2018, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #47), this matter was referred to me for a ruling on Plaintiff Monica Redmond-Nieves' Motion to Compel (Docket #36). In her motion, Redmond-Nieves seeks to have the court enter an order compelling Defendants Okuma American Corporation ("Okuma") and Robert E. Morris Company, LLC ("Morris") to produce financial documents and financial information about themselves so she may present to the jury a claim for punitive damages pursuant to the Massachusetts Wrongful Death statute, Mass. Gen. Laws ch. 229, § 2. (Id.). In its opposition to the motion, Morris indicated that a request for the discovery sought in the motion to compel had never been properly served upon Defendants. (Docket #40 at 3). On July 18, 2018, I entered an order directing Redmond-Nieves to demonstrate that she timely served on Defendants a request for the discovery that she now seeks to compel. (Docket #53). Specifically, I ordered Redmond-Nieves to file a copy of the subject requests and the responses thereto in compliance with Local

Rule 37.1(b)(4), and alternatively, if she had failed to serve such discovery requests, to file a declaration with the court to that effect. (Id.).

On July 20, 2018, Redmond-Nieves filed notice that she had and Morris had come to an agreement regarding the production of the subject documents and, therefore, she was withdrawing her motion to compel as to Morris. (Docket #54). Redmond-Nieves stated that the motion to compel with respect to Okuma remained pending. (Id.).

On that same day, Redmond-Nieves' attorney filed a declaration in which he stated that no formal requests for the production of the documents at issue pursuant to Federal Rule of Civil Procedure 34 had been made. (Docket #55). Counsel explained that it was not until after Okuma's deposition, which was begun on January 19, 2018 and will continue on July 31, 2018, that it became clear that a colorable argument for punitive damages could be made against Okuma. (Id. at ¶¶ 3, 5, 10). Counsel represented that the deadline to serve Rule 34 requests was September 30, 2017, and, because it was past this deadline, no request was served on Okuma. (Id. at ¶¶ 2, 10).

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."[1] This motion may be made where:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

---

[1] A party may also move to compel disclosure if another party fails to make a disclosure required by Federal Rule of Civil Procedure 26(a). Fed. R. Civ. P. 37(a)(3)(A).

2

Id. Based on Redmond-Nieves' description of the financial information she seeks, the appropriate discovery mechanism would be a request for production pursuant to Federal Rule of Civil Procedure 34. Rule 34 allows a party to serve on any other party a request to produce designated documents or electronically stored information or any designated tangible things. Fed. R. Civ. P. 34(a)(1).

Redmond-Nieves never served a Rule 34 request on Okuma for the documents at issue. Hence, she is precluded from moving to compel those documents pursuant to Rule 37(a)(3)(B)(iv). Redmond-Nieves' attempt to excuse her failure to comply with Rule 34 prior to filing a motion to compel is unavailing. Parties are not at liberty to circumvent the procedural dictates of the federal rules merely because the time to serve such requests have passed under the operating scheduling order. Were the court to allow such behavior, it would make a nullity of not only the federal rules but also the court ordered scheduling deadlines. The court notes that Redmond-Nieves was capable of filing a motion to extend the deadline for service of document requests, a procedure with which she was familiar, but failed to do so. (See Dockets #23, 29).

## CONCLUSION

For the foregoing reasons, Redmond-Nieves' motion to compel (Docket #36) is DENIED AS MOOT as to Defendant Morris and DENIED as to Defendant Okuma.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE