## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————

|  |  |  |
|---|---|---|
| **MONICA REDMOND-NIEVES, Personal Representative of the Estate of Edgard Nieves,** | ) ) ) ) | **CIVIL ACTION** |
| **Plaintiff,** | ) ) | **NO.  4:16-12216-TSH** |
| **OKUMA AMERICA CORPORATION, & ROBERT E. MORRIS COMPANY, LLC,** | ) ) ) | |
| **Defendant.** | ) ) | |

———————————————————————

## ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO STRIKE THE REPORT OF PLAINTIFF'S EXPERT, STEVEN F. WIKER, DATED APRIL 29, 2019
### (Docket No. 117)

**September 16, 2019**

**HILLMAN, D.J.**

Monica Redmond-Nieves ("Plaintiff") filed this wrongful death action against Okuma America Corporation ("Okuma") and Robert E. Morris Company, LLC, on behalf of the estate of her husband, Edgard Nieves ("Mr. Nieves").  Okuma moves to strike the April 29, 2019, expert report of Plaintiff's expert, Steven F. Wiker ("Mr. Wiker"), as untimely.  (Docket No. 117).  For the reasons below, the Court ___**denies**___ Okuma's motion.

### Background

The Court scheduled December 1, 2018, as the deadline for Plaintiff to disclose her experts (Docket No. 76); January 31, 2019, as the deadline for Okuma to depose Plaintiff's experts (Docket No. 90); March 3, 2019, as the deadline for Okuma to disclose its experts (Docket No. 90); and April 16, 2019, as the deadline for Plaintiff to depose Okuma's experts (Docket No. 102).

On December 3, 2018, Plaintiff submitted an expert report from Mr. Wiker (the "December Report") to Okuma.  (Docket No. 118-1).  In the December Report, Mr. Wiker offered a laser-based time-of-flight sensor as a reasonable alternative to the design of Okuma's L1420 CNC Lathe.  He did not propose any other alternative designs.  During his January 31, 2019, deposition, however, Okuma questioned Mr. Wiker about a light-based time-of-flight sensor, an alternative design proposed by Plaintiff's other expert witnesses.  (Docket Nos. 118-3, 122-2).

Shortly after his deposition, Mr. Wiker became seriously ill.  (Docket No. 122-1 at 3).  He recovered towards the end of February and began assisting in another trial from March 1 through March 10.  (Docket No. 122-1 at 3).  He only had a chance to return to his other consulting duties after this trial ended. (Docket No. 122-1 at 3).  On April 29, 2019, Plaintiff submitted an additional expert report from Mr. Wiker addressing the feasibility of a light-based time-of-flight sensor (the "April Report").  (Docket No. 118-2).  Defendant moved to strike the April Report on June 7, 2019.  (Docket No. 117).

## Discussion

Okuma contends that the April Report is untimely under Federal Rule of Civil Procedure 26(a) because Plaintiff submitted it after the court's December 1, 2018, deadline for expert disclosures.  (Docket No. 118 at 4).  But Plaintiff argues that Rule 26(e), not Rule 26(a), governs the timeliness of the April Report because it merely supplements Mr. Wiker's December Report.  Rule 26(e) provides that parties have an ongoing duty to supplement their discovery disclosures and that, for expert witnesses, this "duty to supplement extends both to information included in the report and to information given during the expert's deposition."  *See also Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 76 (1st Cir. 2013).   Supplemental

information "must be disclosed by the time the party's pretrial disclosures . . . are due." Fed. R. Civ. P. 26(e)(2).

The Court agrees that Rule 26(e) controls the timeliness of the April Report.  During the deposition of Mr. Wiker, Okuma repeatedly asked about light-based time-of-flight sensors. (Docket Nos. 118-3 at 8, 13, 15, 21–27, 32–33; 122-32 at 4–5, 8).  The April Report addresses the feasibility of light-based time-of-flight sensors.  (Docket No. 118-2).  It supplements the December Report based on the information discussed during Mr. Wiker's deposition.  *See* Fed. R. Civ. P. 26(e)(2).

And even assuming *arguendo* that the April Report is untimely under Rule 26(e) standards, the Court denies the motion to strike under Federal Rule of Civil Procedure 37(c)(1), which provides that a party may not use supplemental information "to supply evidence on a motion, at a hearing, or at a trial, unless the failure [to timely supplement] was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  First, Plaintiff has provided substantial justification for the delay.  Mr. Wiker fell seriously ill shortly after his deposition and did not recover until the end of February.  (Docket No. 122-1 at 3).  Then in March, Mr. Wiker was busy assisting in another trial. (Docket No. 122-1 at 3).  Plaintiff's failure to provide his April Report earlier was reasonable under the circumstances.

Second, Okuma cannot show that the delay caused prejudice.  As Okuma admits, Plaintiff's other experts had already disclosed a light-based time-of-flight sensor.  (Docket No. 118 at 6–7). Therefore, contrary to its assertions otherwise, Okuma will not need to expend significant further resources defending against the alternative proposed in the April Report.  And to the extent that Okuma contends that it was harmed because it could not include the April Report in its Motion for Summary Judgment, the information in the April Report would not change the Court's finding that

the parties have raised genuine issues of material fact relative to Count III, so there can be no prejudice on this account.  The Court thus ***denies*** the motion to strike (Docket No. 117).


**SO ORDERED**

***/s/ Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
